**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WAYNE WIMBERLY, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | _____ |
| ) | |
| v. ) | [On Removal from State Court of |
| ) | Fulton County, Civil Action No. |
| DREW ALEXANDER HARRIS ) | 22EV001396] |
| and CRST EXPEDITED, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |
| _____ ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant CRST Expedited, Inc. ("CRST"), hereby removes the above-captioned action, filed by Plaintiff Wayne Wimberly ("Plaintiff"), in the State Court of Fulton County, in the State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing the Court as follows:

**GROUNDS FOR REMOVAL**

1. Plaintiff commenced the action styled *Wayne Wimberly v. Drew Alexander Harris and CRST Expedited, Inc.,* Civil Action File No. 22EV001396, by filing a complaint in the State Court of Fulton County, in the State of Georgia,

(the "State Court Action") on March 3, 2022.  *See* Complaint for Damages ("Complaint"), attached as **Exhibit ["Ex."] A.**

2. Plaintiff has filed suit in connection with a motor vehicle accident that occurred near the FedEx Ground transport hub located at S. Park Blvd., Ellenwood, Clayton County, Georgia, on or about January 29, 2021.  *See* **Ex. A** at ¶ 10.  In the Complaint, Plaintiff seeks damages from Defendant Drew Alexander Harris ("Mr. Harris") for his alleged negligence in operating a vehicle on behalf of CRST.  *Id.* at ¶¶ 15-25.  Plaintiff asserts that CRST is liable under a *respondeat superior* theory.  *Id.* at ¶ 28.

3. As set forth more fully below, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiff and Defendants, and the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1441, 1446, and 1332.

4. Moreover, the United States District Court for the Northern District of Georgia, Atlanta Division, is the appropriate court for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the State Court Action is pending.

5. At the time the Complaint was filed, Plaintiff was domiciled in the State of Georgia, such that he is a citizen of Georgia. *See* **Ex. A** at ¶ 1; *see Ennis v. Smith*, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken prima facie to be his domicile, until other facts establish the contrary."); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6. CRST is a foreign corporation with its principal place of business in Cedar Rapids, Iowa. *See* **Ex. A** at ¶ 6; *see also* Georgia Corporations Division Printout – Corporation Entity Details for CRST, attached as **Ex. B.** CRST is therefore deemed a citizen of Iowa for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c). CRST received service of the Complaint on March 23, 2022, as evidenced by the Sheriff's Entry of Service, attached as **Ex. C.**

7. At the time the Complaint was filed, Mr. Harris was domiciled in Florida such that he is a citizen of Florida. *See, e.g.,* **Ex. A** at ¶ 2; *Ennis*, 55 U.S. at 423; *McCormick*, 293 F.3d at 1257. Mr. Harris has not yet been properly served. But the undersigned also serves as counsel for Mr. Harris and has agreed to accept service on his behalf.

8. Based on the foregoing, pursuant to 28 U.S.C. § 1332, there exists complete diversity of citizenship between Plaintiff and every Defendant. Should

Plaintiff properly serve Mr. Harris, complete diversity of citizenship between Plaintiff and all Defendants will not be destroyed.

9. "The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." *See Gardner v. TBO Capital LLC*, 986 F. Supp. 2d 1324, 1331 (N.D. Ga. 2013) (quoting *Johnson v. Wellborn*, 418 F. App'x. 809, 815 (11th Cir. 2011)). Even though Mr. Harris has not yet been served, he consents to this removal.

10. As of the submission of this filing, no Defendants have filed an answer or responsive pleading to the Complaint in the State Court Action.

11. Given that this Notice of Removal is being filed within 30 days of service of the initial pleadings to CRST, it is timely pursuant to 28 U.S.C. § 1446(b).

12. Plaintiff's Complaint alleges physical injuries, emotional pain and suffering, and also alleges the following: future physical pain, the continuing need for future medical treatment, and future great pain and suffering as well as other relief. *See* **Ex. A** at ¶¶ 33-37. Further, Plaintiff submitted an initial pre-suit demand for $150,000.00. *See* 7/21/21 Demand Letter, attached as **Ex. D**. "As a general matter, a settlement offer may constitute other paper from which it may

first be ascertained that the case is one which is or has become removable." *Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 & n. 62 (11th Cir. 2007) (acknowledging that district courts may consider settlement offers to determine if the amount in controversy exceeds $75,000). As such, it is apparent that the jurisdictional requirement for removal to this Court is satisfied. 28 U.S.C. § 1332(a).

13. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on CRST are attached hereto. *See* **Ex. A.** No orders have been served on CRST as of the date of this filing.

14. Pursuant to 28 U.S.C. § 1446(d), CRST will provide Plaintiff with written notice of the filing of this Notice of Removal and file with the Clerk of the State Court of Fulton County, in the State of Georgia, a copy of this Notice of Removal. *See* Notice of Filing Notice of Removal, attached as **Ex. E.**

15. Based on the foregoing, and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiff and Defendants and the matters in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs.

16. Further, CRST demands a jury trial on all the issues so triable.

17. The filing fee of $402.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

WHEREFORE, CRST respectfully requests that the above captioned action, filed by Plaintiff in the State Court of Fulton County, in the State of Georgia, be REMOVED to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

Respectfully submitted and signed, pursuant to Fed. R. Civ. P. 11, on this 21st day of April, 2022, by:

        WEINBERG, WHEELER,
        HUDGINS, GUNN & DIAL, LLC

        */s/ Brannon J. Arnold*
        Brannon J. Arnold
        Georgia Bar No. 218034
        Jason T. Vuchinich
        Georgia Bar No. 537503
        3344 Peachtree Rd, N.E., Suite 2400
        Atlanta, Georgia 30326
        404-876-2700
        barnold@wwhgd.com
        jvuchinich@wwhgd.com

        *Counsel for CRST Expedited, Inc. and Drew Alexander Harris*

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

>*/s/ Brannon J. Arnold*
>Brannon J. Arnold

- 8 -

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing upon all counsel of record via the Court's electronic filing system and by U.S. and/or electronic mail as follows:

Stephen Shea, Esq.
Anita M. Lamar, Esq.
Lamar Law Office, LLC
P. O. Box 2558
Tucker, Georgia 30085
sshea@atlantalegalcare.com

*Counsel for Plaintiff*

This 21st day of April, 2022.

/s/ Brannon J. Arnold
Brannon J. Arnold