# Exhibit A

State Court of Fulton County
**E-FILED**
22EV001396
3/3/2022 5:02 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| WAYNE WIMBERLY, | |
| **Plaintiff,** | CIVIL ACTION No.: _____ |
| vs. | |
| DREW ALEXANDER HARRIS and CRST EXPEDITED, INC., | |
| **Defendants.** | |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **WAYNE WIMBERLY**, (hereinafter "Plaintiff") and files this Complaint against Defendant **DREW ALEXANDER HARRIS** (hereinafter "Defendant HARRIS") and CRST EXPEDITED, INC., (hereinafter "Defendant CRST") and shows this Court as follows:

### JURISDICTIONAL STATEMENT

1.

Plaintiff is a resident and citizen of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant HARRIS is an individual resident and citizen of Florida and may be served at 1865 Wells Rd, Orange Park, FL 32073-6703 and by service upon the Secretary of State of Georgia.

3.

Defendant HARRIS is subject to the jurisdiction of this Court under the provisions of the Georgia Long Arm Statute O.C.G.A. § 9-10-91 and by virtue of the facts alleged herein.

1

4.

Venue is proper in this Court as to Defendant HARRIS under the Georgia Nonresident Motorist Act.

5.

Subject matter jurisdiction is proper in this Court as to Defendant HARRIS.

6.

Defendant CRST is a Foreign Profit Corporation, a non-resident corporation of the State of Georgia with its principal office address located at 3930 16th Avenue SW, Cedar Rapids, IA 52404. Defendant CRST may be served through its registered agent, Cogency Global Inc., at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076, Fulton County and is subject to the jurisdiction of this Court.

7.

Defendant CRST is subject to the jurisdiction of this Court.

8.

Venue is proper in this Court as to Defendant CRST.

9.

Subject matter jurisdiction is proper in this Court as to Defendant CRST.

**FACTUAL STATEMENT**

10.

This suit arises out of a collision involving two motor vehicles that occurred on Wednesday, January 29, 2021, near the FedEx Ground transport hub located at S Park Blvd, Ellenwood, Georgia, Clayton County, Georgia (hereinafter referred to as the "subject collision").

2

11.

At the time of the subject collision, Plaintiff was the driver of an eighteen-wheeler truck.

12.

At the time of the subject collision, Defendant HARRIS was also driving an eighteen-wheeler truck.

13.

Each truck was driving in opposite directions: Defendant HARRIS was exiting a gated docking area while Plaintiff's truck was stationary, waiting to enter the same gated docking area. While proceeding forward, Defendant HARRIS failed to maintain lane and side-swiped Plaintiff's vehicle.

14.

Plaintiff was seriously injured by the subject collision.

**COUNT ONE – NEGLIGENCE OF DEFENDANT HARRIS**

15.

On January 29, 2021, Defendant HARRIS was negligent in the operation and use of the vehicle he was driving at the time of the subject collision.

16.

On January 29, 2021, Defendant HARRIS failed to exercise ordinary care in the operation of his vehicle resulting in the subject incident.

17.

On January 29, 2021, Defendant HARRIS was at fault for the subject incident.

18.

As a direct and proximate result of the subject incident, Plaintiff was injured.

3

19.

Defendant HARRIS is liable for Plaintiff's damages that resulted from the subject incident.

20.

At all material times, Plaintiff acted in a non-negligent fashion, exercised due care, and acted in a reasonable and prudent manner.

21.

Plaintiff had no opportunity to avoid the collision caused by Defendant HARRIS.

22.

Plaintiff had no opportunity to avoid the consequences of the negligence of Defendant HARRIS.

23.

Defendant HARRIS owed a duty to drive his vehicle in a safe and reasonable manner; to maintain a proper lookout; to pay attention at all times to avoid driver distraction; to drive the speed limit; to maintain his lane; to properly control his vehicle; and to take proper evasive action when necessary.

24.

Defendant HARRIS breached his duties and, therefore, was negligent.

25.

The subject collision was directly and proximately caused by Defendant HARRIS's negligence for failing to maintain a proper lookout; for failing to pay attention at all times to avoid driver distraction; to drive the speed limit; to maintain his lane; and for failing to take proper evasive action when necessary.

4

## COUNT TWO – VICARIOUS LIABILITY OF DEFENDANT CRST

26.

At the time of the subject incident, Defendant HARRIS was an agent and/or employee of Defendant CRST.

27.

At the time of the subject incident, Defendant HARRIS was acting in the course and scope of her employment and/or agency with Defendant CRST and in the furtherance of the business of Defendant CRST.

28.

Defendant CRST is vicariously liable, under the doctrine of Respondeat Superior and the rules of agency, for the conduct of Defendant HARRIS as outlined herein.

29.

A proximate cause of the subject incident, causing injury to Plaintiff, was the negligence of Defendant HARRIS and Defendant CRST, and said Defendants are jointly and severally liable as a matter of law.

30.

As an employer, Defendant CRST had certain duties and responsibilities under Georgia law, third party passenger standards and practices and its own corporate policies, standards and practices regarding the hiring, qualifying, training entrusting, supervising and retaining of Defendant HARRIS, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles and those of its employees, contractors, and agents.

5

31.

Defendant CRST was independently negligent in failing to meet its independent duties and responsibilities regarding hiring, qualifying, training, entrusting, supervising, and training Defendant HARRIS; and otherwise establishing and implementing appropriate management controls and systems for safe operation of its vehicles.

32.

Defendant CRST is liable to Plaintiff for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff as a result of the negligence of Defendant CRST.

## COUNT THREE- DAMAGES

33.

Plaintiff was physically injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the subject incident.

34.

Plaintiff will in the future continue to have physical injuries and will experience physical and emotional pain and suffering as a direct and proximate result of the subject incident.

35.

Plaintiff will continue to need medical treatment in the future as a direct and proximate result of the subject incident.

36.

Plaintiff has experienced and will continue to experience in the future great pain and suffering as a direct and proximate result of the subject incident.

37.

Plaintiff has incurred lost earnings as a direct and proximate result of the subject incident.

6

38.

Plaintiff has incurred at least $33,477.07 in medical expenses as a direct and proximate result of the subject incident from the following providers:

a. Southmetro Chiropractic Center

$3,815.00

b. Atrium Health Navicent The Medical Center          $20,850.07

c. Resurgens Orthopaedics                              $2,522.00

d. Legacy Brain & Spine, LLC                           $6,290.00

39.

Plaintiff will incur future medical expenses as a direct and proximate result of the subject incident.

40.

Plaintiff is entitled to an award of general damages from Defendants.

41.

Plaintiff is entitled to an award of special damages from Defendants.

42.

Plaintiff's injuries and damages resulting from the subject incident were directly and proximately caused by the negligence and negligence per se of Defendants.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

**WHEREFORE,** Plaintiff prays:

a. That Summons issue requiring the above-named Defendants to answer each allegation of this Complaint within the time provided by law;

7

b. That Plaintiff have judgment against the above-named Defendants in such amount to compensate Plaintiff for Plaintiff's past, present and future injuries and damages resulting from subject incident and Plaintiff's special damages;

c. That all costs be cast against the above-named Defendants; and

d. For such other relief as this Court deems just and proper.

Respectfully submitted this 3 March 2022.

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085

Telephone:     (678) 819-5200
Facsimile:      (678) 819-5276
Email:          sshea@atlantalegalcare.com

/s/ Stephen Shea
Stephen Shea
Georgia Bar No.: 102908
Anita M. Lamar
Georgia Bar No.: 892383
Counsel for Plaintiff

8

State Court of Fulton County
**E-FILED**
22EV001396
3/3/2022 5:02 PM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Fulton **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Wimberly, Wayne

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Harris, Drew Alexander

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

CRST Expedited, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Stephen Shea      **Bar Number** 102908      **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

State Court of Fulton County
**E-FILED**
22EV001396
3/3/2022 5:02 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

WAYNE WIMBERLY
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

DREW ALEXANDER HARRIS and
_____
CRST EXPEDITED, INC.
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Stephen Shea, Lamar Law Office, LLC
Address: 4500 Hugh Howell Road, Suite 140
City, State, Zip Code: Tucker, GA 30084                    Phone No.: (678) 819-5200

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
  Served, this _____ day of _____, 20_____.     _____
                                                                     DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV001396
3/3/2022 5:02 PM
Christopher G. Scott, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **WAYNE WIMBERLY,** | |
| **Plaintiff,** | **CIVIL ACTION No.:** _____ |
| **vs.** | |
| **DREW ALEXANDER HARRIS and CRST EXPEDITED, INC.,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT CRST EXPEDITED, INC.

COMES NOW **WAYNE WIMBERLY,** Plaintiff in the above-styled civil action (hereinafter, "Plaintiff"), by and through undersigned counsel, in accordance with the applicable rules of civil procedure and rules of Court, and requests that Defendant **CRST EXPEDITED, INC.** (the "responding Defendant") answer under oath the following interrogatories in the time and manner provided for by law and to serve counsel for Plaintiff with a copy of the answers. The following interrogatories are deemed to be continuing in nature, and must be supplemented by the responding Defendant to the extent required by O.C.G.A. § 9-11-26(e).

In answering these interrogatories, the responding Defendant must furnish all requested information not subject to a valid objection which is known by, possessed by or available to Plaintiff or any of Plaintiff's attorneys, consultants, representatives, or other agents. If the responding Defendant is unable to answer fully any of these interrogatories, she must answer them to the fullest extent possible, specifying the reasons for inability to answer the remainder, and stating whatever information, knowledge, or belief she has concerning the unanswerable portion.

1

Without being requested to do so by Plaintiff, the responding Defendant must reasonably supplement answers to all interrogatories requesting the identification of persons having knowledge of discoverable matters and the identification of persons expected to be called as expert witnesses at trial.  Without being requested to do so by Plaintiff, the responding Defendant must also amend any answer when it is discovered to be no longer true and circumstances are such that a failure to supplement is in substance a knowing concealment.

<u>PREAMBLE</u>

1.   "<u>Plaintiff</u>" refers to, without limitation, the above-named plaintiff, as well as Plaintiff's attorneys, agents, or representatives.

2.   "<u>Complaint</u>" refers to the Complaint for Damages filed by Plaintiff in this action.

3.   "<u>Defendant</u>," "<u>you</u>," and "<u>your</u>" refers to, without limitation, the responding defendant, and all business entities with which he/she/it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of he/she/it or any such other business entity previously described herein, and others who are in possession of or may have obtained information for or on behalf of Defendant with regard to the subject matter of this case. "<u>Defendant</u>," "<u>you</u>," and "<u>your</u>" also refers to you in any representative capacity in which you serve, and includes any estate or person, living or deceased, with respect to whom you serve in any representative capacity.

4.   "<u>Person</u>" means any natural person (whether living or deceased), company, corporation, partnership, proprietorship, firm, joint venture, association, governmental entity, agency, group, organization, other entity, or group of persons.

5.   "<u>Document</u>" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not

2

limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.  The term "document(s)" also includes, but is not limited to, all duplicates, carbon copies or any other copies of original documents, including copies with handwritten notes, revisions or interlineations.

6.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.      Use of feminine pronouns shall be deemed to include the masculine and neuter; use of masculine pronouns shall be deemed to include the feminine and neuter; and, use of neuter pronouns shall be deemed to include the masculine and feminine.

8.      "Identify":  With respect to a document means set forth the following information, regardless of whether such document is in your possession, if known:  a general description thereof (e.g., letter, memorandum, report, etc.); a brief summary of its contents, or a description of the subject matter it concerns; the name and address of the persons, if any, who drafted, prepared, compiled or signed it; and any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum, notice to produce, request for production, and/or motion to compel for production thereof.  With regard to a person, the term "identify" means set forth the person's name, last known address and telephone number, occupation, last known address and telephone number of the person's place of employment, and a summary of the relevant knowledge possessed by such person.

9.   "<u>And</u>" and "<u>or</u>," as used herein, shall be construed disjunctively or conjunctively as necessary to bring within the scope of these interrogatories or requests any information that might otherwise be construed to be outside their scope.

10.  "<u>Evidencing</u>" and or "<u>relating to</u>," as used herein, mean and include, in whole or in part, referring to, with respect to, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting and constituting.

11.  If any document requested formerly was in your possession or subject to your control but no longer is in your possession or subject to your control, state when and what disposition was made of the document or documents.

12.  If you assert the attorney-client privilege, work-product doctrine, or other privilege or exclusion as to any document requested by any of the following specific interrogatories or requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

13.  If you object to the scope or time period of the interrogatory or request, in your response please specify the aspect of the interrogatory or request to which you object, specifically identify the scope and/or time period you consider reasonable, and respond accordingly for the specifically identified scope and/or time period.

14.  The "<u>subject collision</u>" is defined as the collision involving Plaintiff which occurred on January 29, 2021, as further set forth in Plaintiff's Complaint.

The above definitions and instructions are incorporated herein by reference, and should be utilized in responding to the following interrogatories.

## **INTERROGATORIES**

1.

Identify all arrangements under which Defendant HARRIS was operating on behalf of CRST and/or in connection with making CRST deliveries that was involved in the Motor Vehicle Collision that forms the basis of this lawsuit ("subject collision") and fully identify all parties to said arrangements.

2.

If CRST contends that it is not the proper corporate entity in this action, then identify all such entities that CRST contends are such correct entities.

3.

Please list any and all other names or "doing business as" or DBA's used by CRST doing business in the state of Georgia over the past ten (10) years.

4.

Please identify all inspection reports, inspections, evaluations, or other assessments done by CRST and/or any affiliates, subsidiaries, or entities/individuals/agents acting on behalf of CRST, on the vehicle operated by Defendant HARRIS at the time of the subject collision and identify the current custodian for each.

5.

Please identify any and all policies and procedures, contracts, agreements, or other similar documents that exist between CRST and/or any entity identified in response to Interrogatory #2, and Defendant HARRIS.

6.

Please identify and all "FAQs," "Rules of the Road," suggestions, requirements, policies/procedures, employee handbooks, terms of employment, or any other item that identifies or helps identify the method/manner by which CRST drivers are expected to carry out their duties, maintain their vehicle, transport passengers, etc., or purported advisory guidelines concerning the same. Please identify all such documents in effect and identify the custodian for the same.

7.

Please identify all correspondence between CRST, any entity identified in response to Interrogatory #2, and Defendant HARRIS.

8.

Identify (name and address) all entities you believe are indispensable parties or that would be liable for any judgment obtained by Plaintiff.  State the facts you rely on for any party identified.

9.

Please state whether there were in effect at the time of the subject collision which is the subject of this lawsuit any liability insurance policies, including, but not limited to, umbrella policies covering the vehicle operated by Defendant HARRIS, and please provide the name of the insurer, the company policy and the policy limit amount for those policies.

10.

Please identify any and all reports made about the subject collision that you are aware of, including, without limitation, internal reports, ambulance reports, fire department reports and public safety reports.

11.

State the basis for any assertion that this Court lacks jurisdiction or venue over you, that there has been an insufficiency of process, or that there has been an insufficiency of service of process upon you.

12.

Identify all insurance policies (company name, policy number, liability limits) which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy such a judgment. For each policy, state whether it is drawn down or reduced as a result of the expenses of litigation.

13.

State in detail when, where, and how the subject collision occurred including whether or not Plaintiff or any Defendant negligently caused or contributed to the subject collision, everything done by any Defendant to avoid the subject collision, and whether any person that is not a Defendant caused or contributed to the subject collision.

14.

Identify any facility or agency that attempted to perform drug and/or alcohol testing on Defendant HARRIS and identify the results of all tests.

15.

Has Plaintiff, any Defendant, or any other witness made a statement (oral, written, or recorded) regarding the subject collision or Plaintiff's damages?  If so, identify the witness, what they said, and to whom they said it.

16.

Identify any information concerning whether any party or witness has been convicted of a felony or a crime involving dishonesty, fraud, or moral turpitude.

17.

Identify (name, address, employer) all investigators, mechanics, adjusters, claims representatives, third party administrators, and other professionals who have examined the scene, examined the vehicles, or investigated the claims being brought against you.

18.

Identify all persons who interviewed, hired, trained, and/or supervised Defendant HARRIS on behalf of CRST or any entity identified above in response to Interrogatory No. 2, and all of your employees/agents with whom this subject collision was discussed.  Please provide the job title and dates of involvement for each person listed.

19.

Describe your policies and procedures for motor vehicle operation including safety precautions, operating procedures, training, job screening, and retention procedures.

20.

Identify all complaints, incident reports, write-ups, warnings, and disciplinary actions involving Defendant HARRIS throughout her employment by stating the date, parties involved, and a brief description of the incident.

21.

State the name and address of every person you expect to call an expert witness and for each:

a.     State the subject matter on which the expert is expected to testify;

b.     State a summary of each expert's qualifications and competence to testify as an expert witness as to each subject on which the expert is expected to testify;

c.     State the substance of the facts and opinions to which each expert is expected to testify;

d.     State a summary of the grounds for each of the expert's opinions; and

e.     Provide a list of all books, treatises, articles, or other works the expert regards as reliable reference works with respect to each subject on which the expert is expected to testify.

22.

Identify any person charged with a crime (including a traffic violation) as a result of the subject collision.  For each person identified, state the charge, the court having jurisdiction, the plea, and the disposition of the case.

23.

Identify any driver's education courses you provide or facilitate for your drivers.

24.

Identify any other personal injury lawsuit in the last ten years where you were a party by stating the title of the action, the nature of the action, the court having jurisdiction, and the disposition of the case.

25.

Identify the make and model of any portable electronic device that was in the vehicle at the time of the subject collision and identify which occupant possessed it.  Please do not modify any such device or the messages on it.

26.

Identify any phone numbers, logos, or e-mail addresses visible on Defendant HARRIS's vehicle or otherwise provided to the motoring public that could be used for reporting safety concerns with your drivers.

27.

State whether you or your agents have attempted to survey or observe Plaintiff and identify any video or photos that were taken.

28.

Do you deny that Plaintiff suffered an injury in this subject collision? If so, please identify what reasonable investigating you have undertaken to determine if Plaintiff was, in fact, injured and any evidence you have supporting your denial.

29.

Identify each photograph, video, drawing, computer simulation, or other item of demonstrative evidence that you and your agents are aware of by stating the nature of the item, how many items exist, the person who made the item, and the current location of the item.

30.

Provide the date upon which you reasonably anticipated litigation AND all facts and circumstances upon which you relied to anticipate litigation on that date.

32.

Please provide a privilege log stating all statements, documents, and other materials you are unable to provide due to a legal privilege asserted by your client.

Respectfully submitted this 3 March 2022.


**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085

Telephone:      (678) 819-5200
Facsimile:       (678) 819-5276
Email:            sshea@atlantalegalcare.com

/s/ Stephen A. Shea
Stephen A. Shea
Georgia Bar No.: 102908
Anita M. Lamar
Georgia Bar No.: 892383
*Counsel for Plaintiff*

State Court of Fulton County
**E-FILED**
22EV001396
3/3/2022 5:02 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **WAYNE WIMBERLY,** | |
| **Plaintiff,** | **CIVIL ACTION No.:** _____ |
| **vs.** | |
| **DREW ALEXANDER HARRIS and CRST EXPEDITED, INC.,** | |
| **Defendants.** | |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CRST EXPEDITED, INC.

**COMES NOW** Plaintiff **WAYNE WIMBERLY** in the above-styled civil action, (hereinafter "Plaintiff") and hereby requests, pursuant to O.C.G.A. § 9-11-34, that Defendant **CRST EXPEDITED, INC.** (hereinafter "Defendant") produce the documents described below that are in the possession, custody, or control of Defendant or Defendant's agent(s) or attorney(s) within the time allowed by law.

The documents can be produced in person or by mail at the offices of Lamar Law Office, LLC P.O. Box 2558 Tucker, GA 30085, at 10:00 a.m., forty-five (45) days after service of these requests with the Complaint in this matter. Defendant is under a duty to seasonably supplement or amend Defendant's responses. Further, pursuant to O.C.G.A. § 24-13-27, Defendant is directed to produce at trial the documents and materials referenced in these discovery requests.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the terms listed below are defined as follows:

1

1.      The motor vehicle collision at issue in this litigation, which occurred on or about January 29, 2021 is hereinafter referred to as "the subject collision."

2.      "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

3.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

4.      "Defendant," "you," or "your" refers to, without limitation, the answering Defendant, and where applicable any predecessor, successor, attorney, agent, or representative of the answering Defendant.

5.      "Plaintiff" refers to, without limitation, the named Plaintiff, and where applicable any predecessor, successor, attorney, agent, or representative of Plaintiff.

6.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.      Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## REQUESTS FOR PRODUCTION

1.

Identify and produce every document or any documents pertaining the relationship of employment; terms of doing business; or the transaction of business between Defendant HARRIS and CRST or its affiliates/subsidiaries, and/or any entity identified in response to Interrogatory No. 2.

2.

Identify and produce every document of any and all declaration pages of insurance policies identified by you in your responses to interrogatories or in place on Defendant HARRIS or the vehicle he was operating at the time of the subject collision ("Motor Vehicle Collision"). If you contend that the vehicle was incorrectly identified, please identify the correct vehicle, and provide the requested information for the same.

3.

Identify and produce all evidence that this Court lacks jurisdiction over you, that there has been an insufficiency of process, or that there has been an insufficiency of service of process upon you.

4.

Identify and produce every document of all items in Defendant HARRIS's employee personnel or driver file, or any such similar file, including but not limited to any background checks on, assessments of, employment records for, and/or performance evaluations of, Defendant HARRIS.

5.

Identify and produce every document of any and all of Defendant HARRIS commercial and non-commercial driver's licenses.

6.

Identify and produce every document that relates to any question or controversy as to whether or not coverage is afforded to you under any insurance agreement identified by you in any discovery response. (**NOTE**: "Controversy" includes any reservation of rights on the part of the insuring party).

7.

Identify and produce all correspondence between CRST and Defendant HARRIS.

8.

Identify and produce every document related to any driving citations issued to Defendant HARRIS for the past five (5) years.

9.

Identify and produce every document pertaining to driver alcohol tests or verified positive controlled substance test results, documentation of refusals to submit to alcohol or controlled substance testing and evaluation and referrals to rehabilitation specialists, for the past five (5) years.

10.

Identify and produce every document of results of all items from prior/other employers of Defendant HARRIS prior to his employment or contracting with CRST, its affiliates, or any entity identified in response to Interrogatory No. 2, including employment verification, list of any accidents and violations of alcohol or controlled substance regulations and test results.

11.

Identify and produce every document concerning policies, procedures, driver handbooks/manuals/instructions, or suggested practices for operating automobiles for CRST, making deliveries for CRST, etiquette/behavior, and/or driving for CRST.

12.

Identify and produce every document pertaining to vehicle inspection reports for the vehicle involved in this subject collision.

13.

Identify and produce copies of all data, printouts, documents or information from any device used by Defendant HARRIS in connection with connecting with making CRST deliveries, interfacing with CRST, etc., at the time of the subject collision.

14.

Identify and produce copies of all data, printouts, documents or information downloadable data or ECM for Defendant HARRIS's vehicle at the time of the subject collision.

15.

Identify and produce copies of all data, printouts, documents or information all documents identified in your responses to interrogatories.

16.

Identify and produce every document related to, mentioning, or with any connection to Defendant HARRIS and/or this subject collision.

17.

Identify and produce any rating, evaluation, or assessment of Defendant HARRIS by CRST.

18.

Identify and produce all CRST retention policies for driver handbooks, policies/procedures, guidelines, FAQ's, etc.

19.

Identify and produce all policies/procedures, handbooks, manuals, or other such materials concerning the retention and termination of CRST drivers and identify which such policies were in effect on January 29, 2021.

20.

Identify and produce all policies/procedures, handbooks, manuals, or other such materials concerning training, orientation, or instruction of CRST drivers, and identify which such policies were in effect on January 29, 2021.

21.

Please produce all items identified by you in response to *Plaintiff's First Continuing Interrogatories to Defendant CRST EXPEDITED, INC.*

22.

Identify a list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author, and recipient and specifying the reason for withholding it from production. For any document as to which a privilege is asserted, please create a privilege log describing generally, the document alleged to be privileged and the alleged privileged attached thereto. Ga. Unif. Super. Ct. Rule 5.5(1); *See also GMC v. Conkle*, 226 Ga. App. 34 (1997).

(SIGNATURES CONTAINED ON FOLLOWING PAGE)

Respectfully submitted this 3 March 2022.

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085

| | | |
|---|---|---|
| Telephone: | (678) 819-5200 | |
| Facsimile: | (678) 819-5276 | |
| Email: | sshea@atlantalegalcare.com | |

*/s/ Stephen A. Shea*

Stephen A. Shea
Georgia Bar No.: 102908
Anita M. Lamar
Georgia Bar No.: 892383
*Counsel for Plaintiff*

7

State Court of Fulton County
**E-FILED**
22EV001396
3/3/2022 5:02 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**WAYNE WIMBERLY,**

      **Plaintiff,**

    **vs.**

    **CIVIL ACTION No.:** _____

**DREW ALEXANDER HARRIS and CRST
EXPEDITED, INC.,**

      **Defendants.**

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT DREW ALEXANDER HARRIS

COMES NOW **WAYNE WIMBERLY,** Plaintiff in the above-styled civil action (hereinafter, "Plaintiff"), by and through undersigned counsel, in accordance with the applicable rules of civil procedure and rules of Court, and requests that Defendant **DREW ALEXANDER HARRIS,** (the "responding Defendant") answer under oath the following interrogatories in the time and manner provided for by law and to serve counsel for Plaintiff with a copy of the answers. The following interrogatories are deemed to be continuing in nature, and must be supplemented by the responding Defendant to the extent required by O.C.G.A. § 9-11-26(e).

In answering these interrogatories, the responding Defendant must furnish all requested information not subject to a valid objection which is known by, possessed by or available to Plaintiff or any of Plaintiff's attorneys, consultants, representatives, or other agents.  If the responding Defendant is unable to answer fully any of these interrogatories, she must answer them to the fullest extent possible, specifying the reasons for inability to answer the remainder, and stating whatever information, knowledge, or belief she has concerning the unanswerable portion.

Without being requested to do so by Plaintiff, the responding Defendant must reasonably supplement answers to all interrogatories requesting the identification of persons having

knowledge of discoverable matters and the identification of persons expected to be called as expert witnesses at trial.  Without being requested to do so by Plaintiff, the responding Defendant must also amend any answer when it is discovered to be no longer true and circumstances are such that a failure to supplement is in substance a knowing concealment.

<u>PREAMBLE</u>

1. "<u>Plaintiff</u>" refers to, without limitation, the above-named plaintiff, as well as Plaintiff's attorneys, agents, or representatives.

2. "<u>Complaint</u>" refers to the Complaint for Damages filed by Plaintiff in this action.

3. "<u>Defendant</u>," "<u>you</u>," and "<u>your</u>" refers to, without limitation, the responding defendant, and all business entities with which he/she/it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or representative of he/she/it or any such other business entity previously described herein, and others who are in possession of or may have obtained information for or on behalf of Defendant with regard to the subject matter of this case. "<u>Defendant</u>," "<u>you</u>," and "<u>your</u>" also refers to you in any representative capacity in which you serve, and includes any estate or person, living or deceased, with respect to whom you serve in any representative capacity.

4. "<u>Person</u>" means any natural person (whether living or deceased), company, corporation, partnership, proprietorship, firm, joint venture, association, governmental entity, agency, group, organization, other entity, or group of persons.

5. "<u>Document</u>" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms,

2

voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.  The term "document(s)" also includes, but is not limited to, all duplicates, carbon copies or any other copies of original documents, including copies with handwritten notes, revisions or interlineations.

6.     Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.     Use of feminine pronouns shall be deemed to include the masculine and neuter; use of masculine pronouns shall be deemed to include the feminine and neuter; and, use of neuter pronouns shall be deemed to include the masculine and feminine.

8.     "Identify":  With respect to a document means set forth the following information, regardless of whether such document is in your possession, if known:  a general description thereof (e.g., letter, memorandum, report, etc.); a brief summary of its contents, or a description of the subject matter it concerns; the name and address of the persons, if any, who drafted, prepared, compiled or signed it; and any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum, notice to produce, request for production, and/or motion to compel for production thereof.  With regard to a person, the term "identify" means set forth the person's name, last known address and telephone number, occupation, last known address and telephone number of the person's place of employment, and a summary of the relevant knowledge possessed by such person.

9.    "<u>And</u>" and "<u>or</u>," as used herein, shall be construed disjunctively or conjunctively as necessary to bring within the scope of these interrogatories or requests any information that might otherwise be construed to be outside their scope.

10.   "<u>Evidencing</u>" and or "<u>relating to</u>," as used herein, mean and include, in whole or in part, referring to, with respect to, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting and constituting.

11.   If any document requested formerly was in your possession or subject to your control but no longer is in your possession or subject to your control, state when and what disposition was made of the document or documents.

12.   If you assert the attorney-client privilege, work-product doctrine, or other privilege or exclusion as to any document requested by any of the following specific interrogatories or requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

13.   If you object to the scope or time period of the interrogatory or request, in your response please specify the aspect of the interrogatory or request to which you object, specifically identify the scope and/or time period you consider reasonable, and respond accordingly for the specifically identified scope and/or time period.

14.   The "<u>subject collision</u>" is defined as the collision involving Plaintiff which occurred on January 29, 2021, as further set forth in Plaintiff's Complaint.

The above definitions and instructions are incorporated herein by reference, and should be utilized in responding to the following interrogatories.

## **INTERROGATORIES**

1.

Please identify the person answering these interrogatories on your behalf and all persons assisting in answering these interrogatories.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

- a. Was an eyewitness to the Motor Vehicle Collision ("subject collision") complained of in this action;

- b. Has some knowledge of any fact or circumstance upon which your defense is based and please provide a summary of said knowledge;

- c. For any such meetings, conversations, communications, discussions, or conferences held with any individual identified in response to subpart (a), please provide the date, the location, the person who participated, and a description of what was said and by whom.

- d. Has conducted any investigation relating to the subject collision complained of or the background, employment, medical history, or activities of the Plaintiffs.

3.

Please identify your current address, employer, date of birth, and driver's license number. Please indicate whether you are willing to provide your Social Security Number in a confidential setting. Please also specify whether you still drive for CRST EXPEDITED, INC. if not, please state the date range during which you did so, and the reason why you no longer drive for CRST EXPEDITED, INC.

4.

Please state the date, time and location at which you were involved in any subject collision involving the Plaintiff.

5.

Please identify each and every alcoholic drink that you consumed within 24 hours of the subject collision, and for any drink consumed, please state:

    a.  The type of alcoholic drink (wine, beer, liquor, etc.);

    b.  The volume in fluid ounces of the alcoholic drink;

    c.  The alcohol content by volume of said alcoholic drink;

    d.  The location where said alcoholic drink was consumed, and

    e.  The person or persons, if any, whom were present when you consumed said alcoholic drink.

6.

Please state any and all drugs, prescription or otherwise, consumed by you within 24 hours of the subject collision, and for each drug, please state:

    a.  The specific type of drug consumed, and

    b.  The quantity of the drug consumed.

7.

State the basis for any assertion that this Court lacks jurisdiction or venue over you, that there has been an insufficiency of process, or that there has been an insufficiency of service of process upon you.

8.

Please state whether or not you were listening to the radio, CDs, etc. during or shortly before the subject collision.

9.

Please state whether or not you were on your cell phone during or shortly before the subject collision.

10.

Please state whether or not you were "texting" on your cellphone during or shortly before the subject collision.

11.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the subject collision referred to in the Complaint? If so, please identify and describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

12.

Has any entity issued a policy of liability insurance to you, including an "umbrella" policy? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

13.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

14.

Do you contend that the Plaintiff caused or contributed to the subject collision in question? If so, state with particularity each and every contention made in this regard.

15.

State the name and address of every person you expect to call an expert witness and for each

    a.      State the subject matter on which the expert is expected to testify;

    b.      State a summary of each expert's qualifications and competence to testify as an expert witness as to each subject on which the expert is expected to testify;

    c.      State the substance of the facts and opinions to which each expert is expected to testify;

    d.      State a summary of the grounds for each of the expert's opinions; and

    e.      Provide a list of all books, treatises, articles, or other works the expert regards as reliable reference works with respect to each subject on which the expert is expected to testify.

16.

Were you on the business of any individual or entity at the time of the subject collision? If so, please identify any such individual or entity including name, address and telephone number.

17.

Please identify each and every person who has or may have knowledge or information of any facts or circumstances related to this lawsuit, and each and every person who was a witness to any incident related to this lawsuit. For each person identified, please provide a summary of the knowledge or information of that person.

18.

Please identify all defenses, facts and/or evidence that you contend show that the injuries complained of by Plaintiff resulted from a cause other than the negligent operation of the vehicle driven by you immediately prior to the subject collision.

19.

Please identify all of your cell phone/mobile device number(s) as well as service provider(s), and any of the other passenger(s) in the vehicle driven by you, on the date and time of the subject collision.

8

20.

Please state the nature of use of all cell phone/mobile device(s) identified in the previous Interrogatory No. 19, specifically those communications made during the drive in which the subject crash occurred.

21.

Please describe the subject collision at issue, including but not limited to where you were leaving from, where you were going to, the date/time, the direction of travel, the weather conditions, the road conditions, and what you remember about it.

22.

Please identify any and all:

    a.   Tickets or citations;

    b.   Arrests;

    c.   Convictions.

For each response, please provide the date, location, law enforcement agency involved, the original charge, and the outcome of the charge.

23.

State how often the vehicle which is the subject matter of this litigation is normally used, i.e. daily, weekly, seasonally.

24.

On the date and time of the subject collision, did the business you were working for have any policies or procedures concerning the operation of motor vehicles, locating/soliciting prospective item(s) for delivery to individuals or businesses, and picking up and transporting the same?  If so, please explain in detail.

25.

What company were you driving for at the time of the subject collision? Please identify it and also describe its entity type (partnership, corporation, LLC, etc.).

26.

Were you tested for drugs or alcohol after subject collision?

27.

If the answer to Interrogatory No. 26 is "yes," what were the results of that test?

28.

Please describe in detail the hiring process you underwent to become employed by the company you were driving for at the time of the subject collision.

29.

State in detail when, where, and how the subject collision occurred, including whether or not Plaintiffs or any Defendant negligently caused or contributed to the subject collision, everything done by any Defendant to avoid the subject collision, and whether any person not a Defendant caused or contributed to the subject collision.

30.

Has Plaintiff, any Defendant, or any other witness made a statement (oral, written, or recorded) regarding the subject collision or Plaintiff's damages?  If so, identify the witness, what they said, and to whom they said it.

31.

State whether you have attempted to survey or observe Plaintiff and identify any video or photos that were taken during the course of said surveillance or observation.

32.

Do you deny that Plaintiff suffered an injury in this subject collision? If so, please identify what reasonable investigating you have undertaken to determine if Plaintiff was, in fact, injured and any evidence you have supporting your denial.

33.

For each Request for Admission directed to you in *Plaintiff's First Request for Admissions to Defendant Drew Alexander Harris* that you deny, please state the reason for your failure to admit the Request. Where the failure to admit is the result of a misstatement of fact, date, or amount, please provide the fact, date, or amount that you contend is correct, and identify all documents that evidence what you contend is correct.

34.

Please identify whether you was searching for item(s) to pick up and/or delivery to individual(s) and/or businesses at the time of this subject collision, and identify whether you were in route to pick up said item(s).

35.

Please provide a privilege log stating all statements, documents, and other materials you are unable to provide due to a legal privilege asserted by your client.

Respectfully submitted this 3 March 2022.


**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085

| | |
|---|---|
| Telephone: | (678) 819-5200 |
| Facsimile: | (678) 819-5276 |
| Email: | sshea@atlantalegalcare.com |

/s/ Stephen A. Shea

Stephen A. Shea
Georgia Bar No.: 102908
Anita M. Lamar
Georgia Bar No.: 892383
*Counsel for Plaintiff*

State Court of Fulton County
**E-FILED**
22EV001396
3/3/2022 5:02 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

WAYNE WIMBERLY,

        **Plaintiff,**

     vs.

DREW ALEXANDER HARRIS and CRST
EXPEDITED, INC.,

        **Defendants.**

CIVIL ACTION No.: _____

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DREW ALEXANDER HARRIS

**COMES NOW** Plaintiff **WAYNE WIMBERLY** in the above-styled civil action (hereinafter "Plaintiff"), and hereby requests, pursuant to O.C.G.A. § 9-11-34, that Defendant **DREW ALEXANDER HARRIS** (hereinafter "Defendant") produce the documents described below that are in the possession, custody, or control of Defendant or Defendant's agent(s) or attorney(s) within the time allowed by law.

The documents can be produced in person or by mail at the offices of Lamar Law Office, LLC P.O. Box 2558 Tucker, GA 30085, at 10:00 a.m., forty-five (45) days after service of these requests with the Complaint in this matter. Defendant is under a duty to seasonally supplement or amend Defendant's responses. Further, pursuant to O.C.G.A. § 24-13-27, Defendant is directed to produce at trial the documents and materials referenced in these discovery requests.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the terms listed below are defined as follows:

1.     The motor vehicle collision at issue in this litigation, which occurred on or about January 29, 2021, is hereinafter referred to as "the subject collision."

2.      "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

3.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

4.      "Defendant," "you," or "your" refers to, without limitation, the answering Defendant, and where applicable any predecessor, successor, attorney, agent, or representative of the answering Defendant.

5.      "Plaintiff" refers to, without limitation, the named Plaintiff, and where applicable any predecessor, successor, attorney, agent, or representative of Plaintiff.

6.      Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

7.      Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## **REQUESTS FOR PRODUCTION**

1.

Please produce all such statement(s) or report(s) related to or having any connection to this action.

2.

Please produce a copy of Defendant's driver's license, CDL (if applicable), and title to the vehicle involved in the motor vehicle collision that forms the subject matter of this litigation ("subject collision").

3.

Please produce all recordings, photographic images, plats or drawings having any connection or relation to the subject collision.

4.

Please produce all such insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the vehicle being driven by Defendant at the time of this subject collision.

5.

Please produce any citation, disposition, videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in your responses to *Plaintiff's First Continuing Interrogatories to Defendant Drew Alexander Harris* in this civil action.

6.

Please produce any curriculum vitae or resume for any expert or technician as a witness at the trial of this action.

7.

Please produce a copy of the property damage appraisal made of Defendant's vehicle following the subject collision and any property damage repair invoices.

8.

Please produce any documents obtained through any and all request for production of documents or subpoena issued in connection with this lawsuit.

9.

Please produce any agreement, terms/conditions, or written instrument memorializing, defining, or laying out the relationship between yourself and Defendant CRST EXPEDITED Inc. on the date of the subject collision.

10.

With regard to any document which has not been produced on grounds of privilege, please state the following:

    a.   The date each document was generated;

    b.   The person generating each document;

    c.   The present custodian of each document;

    d.   A description of each document.

11.

Please produce any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting the Plaintiff and/or any Defendant.

12.

Please produce all documents referred by to you in your responses to in the *Plaintiff's First Continuing Interrogatories to Defendant Drew Alexander Harris*

13.

Please produce any documents that indicate what company you were working for at the time of the subject collision that is the subject of this lawsuit.

Respectfully submitted this 3 March 2022.

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085

Telephone:     (678) 819-5200
Facsimile:      (678) 819-5276
Email:              sshea@atlantalegalcare.com

*/s/ Stephen A. Shea*
Stephen A. Shea
Georgia Bar No.: 102908
Anita M. Lamar
Georgia Bar No.: 892383
*Counsel for Plaintiff*

State Court of Fulton County
**E-FILED**
22EV001396
3/3/2022 5:02 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**WAYNE WIMBERLY,**

      **Plaintiff,**

  **vs.**

**DREW ALEXANDER HARRIS and CRST EXPEDITED, INC.,**

      **Defendants.**

**CIVIL ACTION No.:** _____

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DREW ALEXANDER HARRIS

**COMES NOW** Plaintiff **WAYNE WIMBERLY** in the above-captioned action, and in accordance with O.C.G.A. § 9-11-36, hereby requests that Defendant **DREW ALEXANDER HARRIS** individually admit or deny that each of the statements set forth below are true and serve a copy of the answers upon counsel for Plaintiff within the time provided by law.

### I.

### NOTES

When used in these Requests, the term "you," or any synonym thereof, is intended to and shall embrace and shall include in addition to responding Defendant, all of your owners, employees, agents, servants, and representatives.

### REQUESTS FOR ADMISSIONS

1.

Admit you have been correctly named in the present cause of action insofar as the legal designation of names is concerned.

2.

Admit that you have been properly served as a party Defendant.

1

3.

Admit that process is sufficient with regard to you in this case.

4.

Admit that service of process is sufficient with regard to you in this case.

5.

Admit that the Fulton County State Court has jurisdiction over the subject matter of this case.

6.

Admit that the Fulton County State Court has personal jurisdiction over you as a party Defendant in this case.

7.

Admit that venue is proper in Fulton County.

8.

Admit that the Plaintiff has not failed to join an indispensable party in this action.

9.

Admit that on January 29, 2021, you failed to exercise ordinary care in the operation of the vehicle you were driving resulting in the incident that is the subject of this lawsuit.

10.

Admit that the vehicle collision that is the subject of this lawsuit was your fault.

11.

Admit that you are liable for Plaintiff's damages in this case.

12.

Admit that you are not contending that Plaintiff contributed to Plaintiff's injuries that resulted from the incident that is the subject of this lawsuit.

13.

Admit that you are not contending that another individual or entity contributed to Plaintiff's injury.

14.

Admit that you are not asserting contributory negligence as an affirmative defense.

15.

Admit that Plaintiff did not contribute to Plaintiff's injuries that resulted from the incident that is the subject of this lawsuit.

Respectfully submitted this 3 March 2022.

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085

| | |
|---|---|
| Telephone: | (678) 819-5200 |
| Facsimile: | (678) 819-5276 |
| Email: | sshea@atlantalegalcare.com |

*/s/ Stephen A. Shea*
Stephen A. Shea
Georgia Bar No.: 102908
Anita M. Lamar
Georgia Bar No.: 892383
*Counsel for Plaintiff*

State Court of Fulton County
**E-FILED**
22EV001396
3/28/2022 4:50 PM
Christopher G. Scott, Clerk
Civil Division

# AFFIDAVIT OF NON-SERVICE

| | | |
|---|---|---|
| **State of Georgia** | **County of Fulton** | **State Court** |

Case Number: 22EV001396

Plaintiff:
**WAYNE WIMBERLY**

vs.

Defendant:
**DREW ALEXANDER HARRIS and CRST EXPEDITED, INC.**

For:
LAMAR LAW OFFICE, LLC

Received by Ancillary Legal on the 8th day of March, 2022 at 5:47 am to be served on **DREW ALEXANDER HARRIS, 1865 WELLS RD., #356, ORANGE PARK, FL 32073.**

I, Catherine Driver, being duly sworn, depose and say that on the **22nd day of March, 2022** at 2:30 pm, I:

**NON-SERVED** the **SUMMONS; PLAINTIFF'S COMPLAINT FOR DAMAGES; PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT DREW ALEXANDER HARRIS; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DREW ALEXANDER HARRIS** the server was unable to find **DREW ALEXANDER HARRIS** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
3/9/2022  5:08 pm  Attempted service at 1863 WELLS RD., #356, ORANGE PARK, FL 32073, no assigned parking, no answer at door.
3/16/2022  8:45 pm  Attempted service at 1863 WELLS RD., #356, ORANGE PARK, FL 32073, dark, no answer at door.
3/17/2022  3:39 pm  Attempted service at 1863 WELLS RD. #356, ORANGE PARK, FL 32073 My card from last night is gone, no answer at door. There is a table and chairs on their screened in patio.
3/19/2022  10:51 am  Attempted service at 1863 WELLS RD. #356, ORANGE PARK, FL 32073, no smart at door, left card. No one sitting on patio. Don't hear anyone inside. No answer at neighbors.
1863 does not exist on Wells Rd. 1863 is the apartments.

I certify that I am over the age of 18 and have no interest in the above action.

Sworn to or affirmed and signed before me by means of physical presence on the 22nd day of March, 2022 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

RANDY JOHNSON
Notary Public - State of Florida
Commission # HH 099982
My Comm. Expires May 14, 2025
Bonded through National Notary Assn.

_____
**Catherine Driver**
f/k/a Catherine Cornellier

**Ancillary Legal**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: SSJ-2022001561
Ref: 2022002296

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001396**
**3/31/2022 12:34 PM**
**LeNora Ponzo, Clerk**
**Civil Division**

CIVIL ACTION NO.: __22EV001396__

DATE FILED __March 3, 2022__

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Anita M. Lamar

LAMAR LAW OFFICE , LLC

P O Box 2558

Tucker, GA  30085

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

CRST EXPEDITED, INC.

c/o Cogency Global, Inc.
900 Old Roswell Lakes Pkwy, Suite 310
Roswell, GA 30076

**GARNISHEE**

[ . ] MAGISTRATE [ X ] STATE [ ] SUPERIOR COURT
COUNTY, GEORGIA

WAYNE WIMBERLY,

PLAINTIFF(S)
VS.

DREW HARRIS and CRST EXPEDITED, INC.

DEFENDANT(S)

Other attached documents to be served: _____

## SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ] PERSONAL** Upon the following named defendant: _____

By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to _____ described as follows:  approximate age _____
yrs; approximate weight _____ pounds; approximate height _____ feet and _____ inches, domiciled at residence of the defendant.

By serving ~~CRST Expedited Inc~~ _____, in charge of the office
and place of business of the corporation in this county.

By serving ~~Registered Agent Cogency Global C/o Lacey Cowens~~ its registered agent.

This _23_ day of ___March___ , 20 _22_

SHERIFF DOCKET_____PAGE_____

TIME: _____, ___M.

~~Deputy N Erwin~~ / SGt Solomon  419
FULTON MARSHAL

WHITE:  Clerk          CANARY:  Plaintiff/Attorney          PINK:  Defendant

CIVIL ACTION NO.: __22EV001396_____

DATE FILED __March 3, 2022_____

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Anita M. Lamar_____

LAMAR LAW OFFICE, LLC_____

P O Box 2558_____

Tucker, GA  30085_____

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

CRST EXPEDITED, INC._____

c/o Cogency Global, Inc._____
900 Old Roswell Lakes Pkwy, Suite 310
Roswell, GA 30076

**GARNISHEE**

[ ] MAGISTRATE [ X ] STATE [ ] SUPERIOR - COURT
COUNTY, GEORGIA

WAYNE WIMBERLY,_____

**PLAINTIFF(S)**
VS.

DREW HARRIS and CRST EXPEDITED, INC._____

**DEFENDANT(S)**

Other attached documents to be served: _____

### SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ]PERSONAL** Upon the following named defendant: _____

By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to _____ described as follows:  approximate age
yrs; approximate weight _____ pounds; approximate height _____ feet and _____ inches, domiciled at residence of the defendant.

By serving _____, in charge of the office
and place of business of the corporation in this county.

By serving _____, its registered agent.

This _____ day of _____, 20____.

SHERIFF DOCKET_____PAGE_____

TIME: _____, ____.M.

FULTON MARSHAL

WHITE:  Clerk                    CANARY:  Plaintiff/Attorney              PINK:  Defendant



P.O. Box 2558
Tucker, GA 30085

Office: 678-819-5200
Facsimile: 678-819-5276

**Stephen Shea, Esq.**
Attorney and Counselor at Law

sshea@atlantalegalcare.com

March 7, 2022

<u>**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**</u>
Fulton County Marshal's Office
ATTN: Civil Division
160 Pryor Street, SW
Suite J-102
Atlanta, GA 30303

RE:   <u>Wayne Wimberly v. Drew Alexander Harris and CRST Expedited, Inc.</u>
      **Civil Action File No. 22EV001396**
      **Fulton County State Court**

Dear Madam or Sir:

Please find enclosed a Complaint and initial discovery requests regarding the case referenced above. Please serve all paperwork on Defendant CRST Expedited by serving its registered agent, Cogency Global, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076. We have enclosed our firm check in the amount of $50 for your service fee, as well as a postage prepaid envelope for your use in returning the executed service entry to us.

If you have any questions, please do not hesitate to give me a call.

Very truly yours,

*[signature]*

**LAMAR LAW OFFICE, LLC**
Stephen Shea, Esq.

State Court of Fulton County
**E-FILED**
22EV001396
4/11/2022 5:03 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**WAYNE WIMBERLY,**

      **Plaintiff,**

**v.**

**DREW ALEXANDER HARRIS and CRST
EXPEDITED, INC.,**

      **Defendants.**

**CIVIL ACTION
FILE NO. 22EV001396**

### MOTION FOR APPOINTMENT OF SPECIAL AGENT FOR SERVICE

COMES NOW Wayne Wimberly, Plaintiff in the above-styled action and by and through his attorney of record, moves this Court for an order naming John Householder as special agent to serve Defendant Drew Alexander Harris in this action with a copy of the Summons, Complaint, and initial discovery. In support thereof, Plaintiff shows that prompt service of process upon Defendant is necessary, and that the specially appointed process server will attempt service with due diligence. Said agent is an employee of this firm nor an attorney of any parties. Said agent is neither a relative of a party, nor a party in this action, has no financial interest in the outcome of this case, and is a "wholly disinterested" party. Further, said agent is more than eighteen (18) years of age and is a citizen of the United States.

WHEREFORE, Plaintiff prays that this Honorable Court grant his Motion for Appointment of Special Agent for Service so that service can be made upon Defendant Drew Alexander Harris.

This 11 April 2022.

**LAMAR LAW OFFICE, LLC**
P.O. Box 2558
Tucker, GA 30085                              _/s/ Stephen Shea_
                                              Stephen Shea
Telephone:     (678) 819-5200                 Georgia Bar No.: 102908
Facsimile:     (678) 819-5276                 Anita M. Lamar
Email:         sshea@atlantalegalcare.com     Georgia Bar No.: 892383
                                              Counsel for Plaintiff

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001396**
**4/11/2022 5:03 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

WAYNE WIMBERLY,

      **Plaintiff,**

v.

**DREW ALEXANDER HARRIS and CRST**
**EXPEDITED, INC.,**

      **Defendants.**

**CIVIL ACTION**
**FILE NO. 22EV001396**

## <u>ORDER</u>

Plaintiff's Motion for Appointment of Special Agent for Service having been read and considered and it appearing to the Court that sufficient grounds exist for the granting thereof,

IT IS HEREBY ORDERED that John Householder, who is a citizen of the United States and is over the age of 18, is hereby authorized and specially appointed by this Court to serve process and to personally serve Defendant Drew Alexander Harris with the Summons, Complaint, and initial discovery filed in this action and file his proof of service as required by law.

This _____ day of _____, 2022.

_____
Honorable Myra H. Dixon
Judge, State Court of Fulton County

PRESENTED BY:
Stephen A. Shea
Georgia Bar No. 102908
Attorney for Plaintiff
Lamar Law Office, LLC
P.O. Box 2558
Tucker, GA 30085
(678) 819-5200
(678) 819-5276 (Facsimile)
sshea@atlantalegalcare.com

State Court of Fulton County
**E-FILED**
22EV001396
4/11/2022 5:03 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**WAYNE WIMBERLY,**

      **Plaintiff,**

v.

**DREW ALEXANDER HARRIS and**
**CRST EXPEDITED, INC.,**

      **Defendants.**

**CIVIL ACTION FILE**
**NO. 22EV001396**

## AFFIDAVIT OF JOHN HOUSEHOLDER

**COUNTY OF GLYNN**

    **PERSONALLY APPEARED,** before me the undersigned officer, duly authorized to administer oaths, JOHN HOUSEHOLDER, who being first duly sworn, on oath deposes and says:

1.

    My Name is JOHN HOUSEHOLDER. I am over the age of 21, and I am legally competent to give this affidavit. The facts set forth herein are from my own personal knowledge.

2.

    I am a citizen of the United States.

3.

    I am a process server. In the course of my job, I regularly serve summons and complaints and other litigation-related documents upon individuals in many courts in the ORANGE PARK, FL area.

4.

I am not related to the Plaintiff in this case, WAYNE WIMBERLY, nor am I related to Plaintiffs' counsel or anyone in the law firm of Plaintiffs' counsel.

5.

I am not an employee of Plaintiff or Plaintiff's counsel.

6.

I have no interest in the outcome of this litigation.

7.

I am ready, willing, and able to serve the Defendant with the summons, complaint, and initial discovery in this case.

FURTHER AFFIANT SAYETH NAUGHT.

This _11th_ day of _April_, 2022.

_John Householder_
JOHN HOUSEHOLDER

Sworn to and subscribed before me

this _11th_ day of _April_, 2022.

_Rhonda D. Sanders_
NOTARY PUBLIC

MY COMMISSION EXPIRES:



RHONDA D. SANDERS
Commission # HH 019067
Expires November 7, 2024
Bonded Thru Troy Fain Insurance 800-385-7019